UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

JAMES OLIVER,

                              Plaintiff,                    **Hon. Hugh B. Scott**


                                                           **13CV490A**

             v.                                            **Report
                                                           &
                                                           Recommendation**


CAPTAIN GILMORE,

                              Defendant.

_____

        This matter has been referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(C)

(Docket No. 24).  The instant matter before the Court is the motion of defendant (Docket

No. 20[1]) for summary judgment.  Responses to this motion were due July 31, 2014, with replies

due by August 7, 2014 (Docket No. 25), but this was extended, with responses due by August 15,

2014, and replies by August 25, 2014, and the motion was deemed submitted, without oral

argument on August 25, 2014 (Docket No. 27).

                                    **BACKGROUND**

        This is a pro se civil rights action commenced by an inmate contending that he was

deprived of liberty when he was placed in special housing unit while at the Wyoming

_____

        [1]In support of this motion, defendant submits his Declaration, Docket No. 21; his
Statement of Facts, Docket No. 22; his Memorandum of Law, Docket No. 23; and his Reply
Memorandum of Law, Docket No. 30.  In opposition, plaintiff submits his Memorandum of Law,
Docket No. 28, which he incorrectly termed a "Motion for Summary Judgment," id.; see Docket
No. 29, Order of Aug. 7, 2014.

Correctional Facility ("Wyoming C.F.") (Docket No. 1, Compl.).  On or about January 20, 2012,

plaintiff was placed in special housing for drug possession, smuggling, violation of the prison

phone program, exchanging pins, and for violation of visitation rules (id. ¶ 7; Docket No. 22,

Def. Statement ¶ 4; Docket No. 21, Def. Decl. ¶ 7, Ex. A).  A hearing was conducted on January

31, 2012, through February 3, 2012, and he was convicted and penalized one year in special

housing (Docket No. 1, Compl. ¶ 8; Docket No. 22, Def. Statement ¶ 11), among other penalties

(see Docket No. 28, Pl. Memo. at 10; Docket No. 21, Def. Decl., Ex. A, Bates No. 0045

(transcript of defendant's sentence of plaintiff)).  Plaintiff denies that there was any contraband

found or proof to charge plaintiff with these charges (Docket No. 1, Compl. ¶ 9).  Plaintiff filed a

grievance while at Wyoming C.F. and later at the Clinton Correctional Facility (id. ¶ 10).  He

claims that he was told that his Clinton grievance was untimely, hence he argues that he was

deprived of the grievance process (id.).  Plaintiff claims that placement in special housing by

defendant caused him pain and suffering as well as pain to plaintiff's wife and immediate family

(id. ¶ 11), although his wife and family members are not parties in this action.

Count One alleges that defendant violated plaintiff's rights against cruel and unusual

punishment (under the Eighth and Fourteenth Amendments) when he allowed false charges that

plaintiff possessed contraband to remain after no contraband was found (id. ¶ 12).  Count Two

alleges that he was deprived of due process by defendant not allowing plaintiff to have a fair

hearing (id. ¶ 13).  Count Three alleges that defendant displayed deliberate indifference in giving

plaintiff a year in special housing (id. ¶ 14).  Plaintiff seeks judgment against defendant for

plaintiff's pain and suffering for $150,000 (id. at fourth unnumbered page).

Defendant answered on October 7, 2013 (Docket No. 10).

*Defendant's Motion*

Defendant was a Captain employed by the New York State Department of Corrections and Community Supervision ("DOCCS") (Docket No. 21, Def. Decl. ¶ 1) and he conducted the Tier III hearing for the disciplinary charges lodged against plaintiff (id. ¶ 6, Ex. A, Bates No. 0040). He contends that defendant did not deprive plaintiff of due process in the conduct of that disciplinary hearing (id. ¶ 5). Defendant denies authoring the Misbehavior Report against plaintiff (Docket No. 22, Def. Statement ¶ 6).

The specific charges against plaintiff were that, on January 2012, plaintiff used the prison phone system to conspire to bring contraband into the facility by having a visitor purchase drugs and to bring them into the facility during a visit (Docket No. 22, Def. Statement ¶ 9). Plaintiff was subject to a Misbehavior Report and a Tier III hearing for the charges of drug possession, smuggling, and visitation and telephone privilege violations (Docket No. 22, Def. Statement ¶ 5). Defendant details the proceedings in the Tier III hearing (Docket No. 22, Def. Statement ¶¶ 10-48; Docket No. 21, Def. Decl. ¶¶ 9-47, Ex. A). During one day of the hearing, defendant heard outside plaintiff's presence from the Inspector General investigators who filed the Misbehavior Report against plaintiff as well as confidential informant, whose testimony remained confidential due to security concerns (Docket No. 21, Def. Decl. ¶ 32; Docket No. 22, Def. Statement ¶ 33). Plaintiff appealed the decision of the Tier III hearing and that was denied (Docket No. 22, Def. Statement ¶ 54; Docket No. 21, Def. Decl., Ex. A, Bates No. 0047). Plaintiff served in special housing from January 14 to December 14, 2012 (Docket No. 22, Def. Statement ¶ 56; Docket No. Compl. ¶ 8), less than twelve months sentenced.

Defendant argues that he provided plaintiff with the requisites of due process in the Tier III proceeding (Docket No. 22, Def. Memo. at fourth-seventh unnumbered substantive pages).  Specifically, he argues that plaintiff did not have a constitutional right to be present during the testimony of witnesses at the disciplinary hearing (id. at fourth unnumbered substantive page; see also Docket No. 30, Def. Reply Memo. at third unnumbered substantive page), see Francis v. Coughlin, 891 F.2d 43, 48 (2d Cir. 1989) (qualified immunity recognized for not allowing inmate to be present for testimony of confidential source); Dawes v. Leonardo, 885 F. Supp. 375, 377-78 (N.D.N.Y. 1995).  Defendant contends that he was a neutral hearing officer and provided a fair and impartial disciplinary hearing (Docket No. 22, Def. Memo. at seventh-ninth unnumbered substantive pages).  Next, defendant argues that plaintiff does not enjoy the right to be free from false accusation in a misbehavior proceeding, hence his claim that false testimony was relied upon to punish him should be rejected (id. at ninth-tenth unnumbered substantive pages).  Defendant denies that he violated plaintiff's Eighth (and Fourteenth) Amendment rights by imposing a twelve month sentence in special housing, since confinement for that duration is not a dramatic departure from basic prison confinement to constitute cruel and unusual punishment (id. at eleventh-fourteenth unnumbered substantive pages).

Finally, defendant argues that he should enjoy qualified immunity because there is no established case law that actions taken by defendant violated clearly established law (id. at fourteenth-fifteenth unnumbered pages).

Plaintiff responds that the evidence relied upon by defendant as hearing officer did not provide substantial evidence of guilt (Docket No. 28, Pl. Memo. at 2), relying upon the confidential verbal testimony of two investigators, confidential documents and tapes from the

investigation, the Misbehavior Report, and plaintiff's testimony (id. at 3).  Plaintiff complains that he was not allowed to review the confidential materials and defendant failed to explain why he could not see these items (id.).  Plaintiff argues that defendant could not rely upon the confidential materials since there was no assessment of the credibility or reliability of the sources (id. at 5-6).  After contending that plaintiff's own testimony could not support evidence of guilt and that the Misbehavior Report did not fulfill regulatory requirements to be substantial evidence on its own (id. at 6-7, 7-8).  He complains that the Misbehavior Report did not provide sufficient factual specificity to permit plaintiff to present a defense (id. at 8-10).  Finally, he contends that the total punishment imposed (twelve months in special housing, fourteen months of loss of privileges, and twelve months of loss of good time credit) was excessive (id. at 10-11).

Defendant replies that, as for plaintiff's first argument that there was not substantial evidence of his guilt, defendant needed only support his finding by "some evidence in the record," Superintendent, Mass. Corr. Inst., Walpole v. Hill, 472 U.S. 445, 454 (1985) ("Hill"), and not substantial evidence as plaintiff argues (Docket No. 30, Def. Reply Memo. at second unnumbered substantive page).  He responds that there was more than sufficient evidence to support the disciplinary finding (id.).  Defendant points out that plaintiff did not have the right to be present during the testimony of witnesses at the disciplinary hearing, Francis v. Coughlin, 891 F.2d 43, 48 (2d Cir. 1989), hence defendant could rely upon confidential information presented only to him (id. at third unnumbered substantial page).  Although defendant did not author the Misbehavior Report, he contends that it adequately afforded plaintiff notice of the charges he faced (id.).  Defendant next defends the sentence he imposed upon plaintiff as a

penalty for possessing drugs (K2) and attempting to introduce that drug into Wyoming C.F. (id. at fifth to seventh unnumbered substantive pages).

## DISCUSSION

I.    Applicable Standards

Summary judgment is appropriate only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Ford v. Reynolds, 316 F.3d 351, 354 (2d Cir. 2003); Fed. R. Civ. P. 56(a) (effective Dec. 2010). The party seeking summary judgment has the burden to demonstrate that no genuine issue of material fact exists. In determining whether a genuine issue of material fact exists, a court must examine the evidence in the light most favorable to, and draw all inferences in favor of, the non-movant. Ford, supra, 316 F.3d at 354. "A dispute regarding a material fact is genuine 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" Lazard Freres & Co. v. Protective Life Ins. Co., 108 F.3d 1531, 1535 (2d Cir.) (quoting Anderson v. Liberty Lobby, 477 U.S. 242, 248 (1986)), cert. denied, 522 U.S. 864 (1997). While the moving party must demonstrate the absence of any genuine factual dispute, Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986), the party against whom summary judgment is sought, however, "must do more than simply show that there is some metaphysical doubt as to the material facts. . . . [T]he nonmoving party must come forward with specific facts showing that there is a genuine issue for trial." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986) (emphasis in original removed); McCarthy v. American Intern. Group, Inc., 283 F.3d 121, 124 (2d Cir. 2002); Marvel Characters v. Simon, 310 F.3d 280, 285-86 (2d Cir.

6

2002).  The opponent to summary judgment may argue that he cannot respond to the motion where it shows, by affidavit, "that, for specified reasons, it cannot present facts essential to justify its opposition," Fed. R. Civ. P. 56(d).

The Local Civil Rules of this Court require that movant and opponent each submit "a separate, short, and concise" statement of material facts, and if movant fails to submit such a statement it may be grounds for denying the motion, W.D.N.Y. Loc. Civ. R. 56(a)(1), (2) (effective Jan. 1, 2011).  The movant is to submit facts in which there is no genuine issue, id. R. 56(a)(1), while the opponent submits an opposing statement of material facts as to which it is contended that there exists a genuine issue to be tried, id. R. 56(a)(2).  Each numbered paragraph in the movant's statement will be deemed admitted unless specifically controverted by a correspondingly numbered paragraph in the opponent's statement, id.  Each statement of material fact is to contain citations to admissible evidence to support the factual statements and all cited authority is to be separately submitted as an appendix to that statement, id. R. 56(a)(3).

Where an inmate is to lose a protected liberty interest, the Due Process Clause requires that the inmate be afforded advanced notice of the charge; an opportunity for a hearing, to call witnesses and present documentary evidence on the inmate's behalf; a written statement by the fact finder of the evidence relied upon in the decision and the reasons for the disciplinary action; and support of the findings by some evidence in the record, Hill, supra, 472 U.S. at 454; see Wolff v. McDonnell, 418 U.S. 539 (1975) (standard for evaluating deprivation of due process claims); Sandin v. Conner, 515 U.S. 472 (1995) (Docket No. 23, Def. Memo. at third unnumbered substantive page), with the Court in Hill rejecting a stricter substantial evidence test for support of the disciplinary finding, Hill, supra, 472 U.S. at 449, 454.

7

II.      Application

   A.  Absence of Opposing Statement of Fact

      Plaintiff here has not submitted an opposing statement of facts.  As such, defendant's

statements in his Statement of Fact are deemed admitted, Fed. R. Civ. P. 56(a)(2).  As the

Second Circuit recently instructed in <u>Jackson v. Federal Express</u>, No. 12-1475-cv, 2014 U.S.

App. LEXIS 17387, at *8-9 (2d. Cir. Sept. 9, 2014), while the opponent risks not responding to a

statement of facts by having them deemed admitted, the movant still bears the burden of

supporting the facts with admissible evidence; <u>Vermont Teddy Bear v.1-800 Beargram Co.</u>,

373 F.3d 241, 244 (2d Cir. 2004), and this Court may even rely upon other evidence in the record

even if uncited, Fed. R. Civ. P. 56(c)(3); <u>Jackson</u>, <u>supra</u>, 2014 U.S. App. LEXIS 17387, at *9.

This Court cannot automatically grant summary judgment merely upon an opponent's failure to

respond to a movant's statement of material facts, but if the record supports the unopposed

statements of fact, summary judgment is appropriate, <u>id.</u>  The <u>Jackson</u> court distinguished the

<u>Vermont Teddy Bear</u> case where, as here, the opponent was <u>pro se</u> and special solicitude (<u>see</u>

<u>Ruotolo v. IRS</u>, 28 F.3d 6, 8 (2d Cir. 1994)) is to be given parties proceeding <u>pro se</u> before

granting summary judgment, <u>Jackson</u>, <u>supra</u>, 2014 U.S. App. LEXIS 17387, at *10-11.

   B.  Merits of Plaintiff's Claims

      As for plaintiff's claims stemming from the written Misbehavior Report, defendant did

not write the report or conduct the investigation leading to that report.  Therefore, so much of

plaintiff's claims on this basis should be dismissed and defendant **granted** summary judgment.

      Plaintiff's Third Count alleges deliberate indifference on defendant's part.  But deliberate

indifference is applicable to medical care received (or not received) by an inmate.

Plaintiff alleges that his grievance while at the Clinton Correctional Facility was denied as being untimely; defendant does not address this contention in his motion.  Defendant, assigned to the Attica Correctional Facility (Docket No. 21, Def. Decl. ¶ 1), which is near the Wyoming C.F., would have no role in the grievance process at Clinton, a facility on the other side of the state from Wyoming or Attica.  Therefore, plaintiff fails to state a claim against this defendant regarding the handling of his Clinton grievance.  Furthermore, defendant's only role in the appeal or grievance process here was to advise plaintiff of his right to appeal, which defendant did (see id. ¶ 45, Ex. A, Bates No. 0046).

Regarding the notice provided in the Misbehavior Report (see Docket No. 21, Def. Decl. Ex, A, Bates No. 0032), the report indicates notice of the charges against him, when the incidents occurred and in general how they were conducted.  The report charged that plaintiff conspired with a visitor to bring in contraband drugs into Wyoming C.F. during visits.  Furthermore, this defendant was not the author of that Report, hence should not be held responsible for any deficiencies in it.

Finally, as for the sentence imposed, the twelve months in special housing was not so excessive as to constitute cruel and unusual punishment, see Husbands v. McCellan, 990 F. Supp. 214, 217 (W.D.N.Y. 1998) (Larimer, J.)(twelve months detention in special housing unit does not constitute a dramatic departure from basic confinement to be cruel and unusual punishment) (Docket No. 23, Def. Memo. at thirteenth unnumbered substantive page).  Here, plaintiff did not serve a full twelve months.  Therefore, his Eighth Amendment cruel and unusual punishment claim should be **dismissed**.

C.  Conduct of the Disciplinary Hearing

As for the manner in which plaintiff's hearing was conducted, plaintiff's arguments are better suited to the administrative appeal from the hearing (since plaintiff argues defects under New York State law and DOCCS regulations) and do not state deprivations of his right to due process.  The one aspect of his claim that is of interest; that is plaintiff's assertion that defendant relied upon confidential materials that plaintiff did not hear.  Plaintiff cites New York State legal authorities for how confidential materials are to be presented in disciplinary proceedings, mainly that the hearing officer needs to make an independent assessment of the reliability and credibility of the confidential information, see Matter of Stone v. Bezio, 69 A.D.3d 1280, 1280, 896 N.Y.S.2d 477, 478 (3d Dep't 2010) (Docket No. 28, Pl. Memo. at 5); Matter of Vega v. Goord, 274 A.D.2d 807, 808, 712 N.Y.S.2d 78 (3d Dep't 2000); see also Taylor v. Rodriguez, 238 F.3d , 194 (2d Cir. ) (an independent credibility assessment is necessary when confidential information is used to establish some evidence necessary for due process in a disciplinary proceeding); Sira v. Morton, 380 F.3d 57, 77 (2d Cir. 2004) (credibility assessment as part of fair hearing) (see id. at 6).  But New York State may create broader statutory or regulatory requirements than what is required for constitutional due process, Dawes, supra, 885 F. Supp. at 377 (recognizing state regulations regarding inmate presence during testimony, or at least an explanation required for their exclusion, court held that state regulation was not constitutional requirement).

Here, plaintiff did not need to be present for the confidential information.  Defendant made an independent credibility assessment of the Inspector General investigators and the confidential materials presented to him and questioned the investigators and the confidential

witnesses, finding the investigators to be credible (Docket No. 21, Def. Decl. ¶ 32; Docket

No. 22, Def. Statement ¶ 33).

Thus, defendant's motion (Docket No. 20) for summary judgment should be **granted**.

III.    Qualified Immunity

When confronted by a claim of qualified immunity, one of the first questions for the

Court to resolve is whether the facts, taken in the light most favorable to the party asserting the

injury, show the official's conduct violated a constitutional right.  See Saucier v. Katz, 533 U.S.

194, 201 (2001).  As required by the Saucier Court, this Court first considered the constitutional

question, then considered the qualified immunity question, id.  But the Supreme Court in Pearson

v. Callahan, 555 U.S. 223, 236 (2009), overruled Saucier in requiring courts to first determine

whether a constitutional violation occurred before considering whether defendants enjoy

qualified immunity.  Instead, district courts determine in each case whether to consider first the

question of immunity or whether a constitutional violation has occurred, id. at 231-32.

Government officials performing discretionary functions generally are shielded by

qualified immunity from liability in their individual capacities, see Frank v. Reilin, 1 F.3d 1317,

1327 (2d Cir. 1993), "insofar as their conduct does not violate clearly established statutory or

constitutional rights of which a reasonable person would have known."  Harlow v. Fitzgerald,

457 U.S. 800, 818 (1982).  "If it was objectively reasonable for the defendant to believe that his

act did not violate the plaintiff's constitutional rights, the defendant may nevertheless be entitled

to qualified immunity." Anderson v. Creighton, 483 U.S. 635, 641 (1987); Lowth v. Town of

Cheektowaga, 82 F.3d 563, 568-69 (2d Cir. 1996).

Here, this Court considered first the constitutional claims and then addressed qualified immunity.  As discussed above, this Court finds that no constitutional violation has occurred.  If this finding is modified or rejected, defendant nevertheless **should enjoy qualified immunity**. There is no constitutional standard that requires a defendant not consider confidential information outside of plaintiff's presence or that plaintiff had a federal right to be present when the confidential material was presented.  Plaintiff only argues the procedure New York State requires (Docket No. 28, Pl. Memo. at 5-6), that an inmate may be excluded from confidential information upon the hearing officer's independent assessment of the credibility and reliability of that information.  Defendant made a credibility and reliability assessment; hence (even under New York requirements) plaintiff had no constitutional right to be present.  Defendant's conduct did not violate clearly established constitutional rights and he should enjoy qualified immunity, see Francis, 891 F.2d at 48 (qualified immunity recognized for not allowing inmate to be present for testimony of confidential source).  Alternatively, defendant's motion for summary judgment (Docket No. 20) should be **granted** on the grounds of qualified immunity.

## CONCLUSION

Based upon the above, it is recommended that defendant's motion for summary judgment (Docket No. 20) be **granted**.


Pursuant to 28 U.S.C. § 636(b)(1), it is hereby ordered that this Report & Recommendation be filed with the Clerk of the Court and that the Clerk shall send a copy of the Report & Recommendation to all parties.

**ANY OBJECTIONS to this Report & Recommendation must be filed with the Clerk of this Court within fourteen (14) days after receipt of a copy of this Report & Recommendation in accordance with 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72(b) (effective December 1, 2009) and W.D.N.Y. Local Civil Rule 72.3(a).**

**FAILURE TO FILE OBJECTIONS TO THIS REPORT & RECOMMENDATION WITHIN THE SPECIFIED TIME OR TO REQUEST AN EXTENSION OF SUCH TIME WAIVES THE RIGHT TO APPEAL ANY SUBSEQUENT DISTRICT COURT'S ORDER ADOPTING THE RECOMMENDATIONS CONTAINED HEREIN.** Thomas v. Arn, 474 U.S. 140 (1985); F.D.I.C. v. Hillcrest Associates, 66 F.3d 566 (2d Cir. 1995); Wesolak v. Canadair Ltd., 838 F.2d 55 (2d Cir. 1988).

The District Court on de novo review will ordinarily refuse to consider arguments, case law and/or evidentiary material which could have been, but was not, presented to the Magistrate Judge in the first instance. See Patterson-Leitch Co. Inc. v. Massachusetts Municipal Wholesale Electric Co., 840 F.2d 985 (1st Cir. 1988).

Finally, the parties are reminded that, pursuant to W.D.N.Y. Local Civil Rule 72.3(a)(3), "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority." **Failure to comply with the provisions of Rule 72.3(a)(3) may result in the District Court's refusal to consider the objection.**

SO ORDERED.

_/s/ Hugh B. Scott_
Hon. Hugh B. Scott
United States Magistrate Judge

13

Dated: Buffalo, New York
         October 16, 2014